UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>4570 NAVARRE-COULEE ROAD, CHELAN, WASHINGTON, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS THERETO AND THEREUPON,,<br><br>Defendant. | ) | CV-06-321-LRS<br><br>Final Order of Forfeiture |

Plaintiff, United States of America, alleged in a Verified Complaint for Forfeiture In Rem, filed herein on November 14, 2006, that the Defendant real property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

The above court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is proper pursuant to 28 U.S.C. § 1395.

The property to be forfeited is described as follows:

> Lot 1 as delineated on Harold N. Wrigley Short Plat No. 1958, Chelan County, Washington, recorded September 11, 1987, in Book SP-5 of Short Plats, Page 10 and 11. Parcel No. 272121320100.
>
> Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.
>
> SUBJECT to any easements, rights of way, reservations and/or exceptions, and actions of record.

On November 16, 2006, Al Mendoza was served via certified mail with copies of the Verified Complaint for Forfeiture In Rem, Notice of Complaint for Forfeiture, and Lis Pendens, as evidenced by the Certificate of Service of Notice by Mail filed with the Court on November 16, 2006. On December 15, 2006, Al Mendoza filed a Claim. On January 9, 2007, Al Mendoza filed a Response to Complaint.

On November 21, 2006, Patricia Mendoza was personally served with copies of the Verified Complaint for Forfeiture In Rem, Notice of Complaint for Forfeiture, and Lis Pendens, as evidenced by the United States Marshal's form, USM-285, filed herein on November 29, 2006.

On November 21, 2006, copies of the Verified Complaint for Forfeiture In Rem, Notice of Complaint for Forfeiture, and Lis Pendens, were posted on the Defendant real property, as evidenced by the United States Marshal's form, USM-285, filed herein on November 29, 2006.

On November 27, 2006, Rick Mendoza was served with copies of the Verified Complaint for Forfeiture In Rem, Notice of Complaint for Forfeiture, and Lis Pendens, as evidenced by the United States Marshal's form, USM-285, filed herein on November 29, 2006.

The Notice of Complaint was published on November 26, December 6 and 13, 2006, in the Leavenworth Echo/Cashmere Valley Record, a newspaper of general circulation in Chelan County, Washington. Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., require that claimants file a claim within thirty (30) days after final date of publication of the Notice of Complaint for Forfeiture, or within thirty-five (35) days after direct service of the complaint, whichever occurs first. At the latest the claim period expired on January 12, 2007.

On December 1, 2006, a Post Complaint Protective Order was entered by the Court.

On December 7, 2006, Rick Mendoza was served with a copy of the Post Complaint Protective Order, as evidenced by the United States Marshal's form, USM-285, filed herein on December 8, 2006.

On December 14, 2006, Al Mendoza was served via certified mail with a copy of the Post Complaint Protective Order, as evidenced by the Certificate of Service of Notice by Mail filed herein on December 19, 2006.

On December 28, 2006, Patricia Mendoza was personally served with a copy of the Post Complaint Protective Order, as evidenced by the United States Marshal's form, USM-285, filed herein on January 3, 2007.

On January 31, 2007, a Clerk's Order of Default was entered forfeiting Rick Mendoza's interest in the Defendant real property to the United States.

On January 31, 2007, a Clerk's Order of Default was entered forfeiting Patricia Mendoza's interest in the Defendant real property to the United States.

No other claims were filed to the Defendant real property.

On March 28, 2008, the Court granted partial summary judgment in favor the United States, holding that Plaintiff met its initial burden proving that the Defendant real property is subject to forfeiture to the United States.

On June 16 and 17, 2008, a bench trial was held in this matter to resolve whether Claimant, Al Mendoza, held an innocent ownership interest in the Defendant real property.

On June 27, 2008, the Court entered Findings of Fact and Conclusions of Law, holding that Claimant, Al Mendoza, had failed to establish that he held an innocent ownership interest in the Defendant real property.

Therefore, all claims to the Defendant real property have been addressed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Defendant real property described above , is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

I IT IS FURTHER ORDERED that the United States Marshals Service shall physically seize and take custody of the subject property, evicting any occupants or tenants therein.

IT IS FURTHER ORDERED that the forfeited Defendant real property shall be disposed of in accordance with law by the United States Marshals Service.

DATED this 16th day of July, 2008.

***s/Lonny R. Suko***

Lonny R. Suko
United States District Judge

Presented by:

James A. McDevitt
United States Attorney

Jared C. Kimball
Assistant United States Attorney